UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-03939-JAK | Date | 11/12/2025 |
| Title | Lucio Carrola v. FCA US, LLC, et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Deputy Clerk | Not Reported<br>Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND (DKT. 19)

**I.  Introduction**

On October 2, 2024, Lucio Carrola ("Plaintiff" or "Carrola"), brought this action against FCA US, LLC ("Defendant" or "FCA"), Van Nuys Chrysler Dodge Jeep Ram ("Van Nuys CDJR"), and Does 1–10 in the Los Angeles Superior Court, asserting claims arising from Plaintiff's purchase of a Dodge Charger from Defendant. Dkt. 1-1. The Complaint advances five causes of action: (i) violation of Cal. Civ. Code § 1793.2(d) of the Song-Beverly Act; (ii) violation of Cal. Civ. Code § 1793.2(b) of the Song-Beverly Act; (iii) violation of Cal. Civ. Code § 1793.2(a)(3) of the Song-Beverly Act; (iv) breach of implied warranty of merchantability under the Song-Beverly Act; and (v) fraudulent concealment. *Id.* ¶¶ 39–66. The Complaint advanced one cause of action for negligent repair against Van Nuys CDJR. However, on April 3, 2024, Plaintiff voluntarily dismissed the action against Van Nuys CDJR. *See* Dkt. 1-2 at 126. *Id.* On May 2, 2025, Defendant filed a notice of removal on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446 (the "Notice of Removal"). Dkt. 1.

On August 26, 2025, Plaintiff filed a Motion for Remand (the "Motion"). Dkt 19. On September 10, 2025, Defendant filed an opposition to the Motion. Dkt. 21. On September 30, 2025, Plaintiff filed a reply. Dkt. 22. Pursuant to L.R. 7-15, it was determined that the Motion could be decided without a hearing, and the Motion was taken under submission. Dkt. 24. For the reasons stated in this Order, the Motion is **DENIED**.

**II.  Background**

    A.  Parties

It is alleged that Plaintiff is a resident of Los Angeles County, California, and that he entered into a warranty contract with Defendant for a 2021 Ram 1500 (the "Vehicle"). Dkt. 1-1 ¶¶ 2, 10.

It is alleged that Defendant is a Delaware limited liability company that does business in California. *Id.* ¶ 4. It is alleged that Defendant has been engaged in the design, manufacture, construction, assembly, marketing, sale, and/or distribution of motor vehicles in Los Angeles. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-03939-JAK | Date | 11/12/2025 |
|---|---|---|---|
| Title | Lucio Carrola v. FCA US, LLC, et al. | | |

### B. Allegations in the Complaint

It is alleged that on or about August 31, 2021, Plaintiff entered the warranty contract with Defendant, and that the Vehicle was manufactured and distributed by Defendant. Dkt. 1-1 ¶ 10. It is alleged that the Vehicle is primarily used for family or household purposes. *Id.* ¶ 12. It is alleged that the warranty contract had written warranties, "including but not limited to the bumper-bumper warranty, powertrain warranty, emission warranty, etc." *Id.* ¶ 11. It is alleged that certain defects and nonconformities to the warranties manifested within the applicable express warranty period, "including but not limited to, engine defects, transmission defects, electrical defects," and more. *Id.* ¶ 15.

It is alleged that when Plaintiffs purchased the Vehicle, unbeknownst to him its engine was defective. *Id*. ¶ 18. It is also alleged that Defendant knew of the defect, but failed to disclose it to Plaintiffs prior to, at the time of, or after the sale of the Vehicle. *Id.* ¶¶ 19, 21, 22. Similarly, it is alleged that 2021 Ram 1500 vehicles equipped with 5.7 L engines have one or more defects that can result in a "loss of power, stalling, engine running rough, engine misfires, failure or replacement of the engine." *Id.* ¶ 19. It is also alleged that Defendant knew or should have known of the defect based on routine monitoring of consumer complaints, its own aggregate pre-market data and other post-market data from Defendant's authorized dealers. *Id.* ¶ 26. It is alleged that Defendant has not corrected the underlying problems that caused the engine defect and failed to conform the Vehicle to the terms of the express warranty after a reasonable number of repair attempts. *Id.* ¶¶ 30–32.

### III. Analysis

### A. Legal Standards

Except as prohibited by Congress, any civil action brought in a state court may be removed by the defendant to a federal court if, at the time of removal, there is original jurisdiction over the action. 28 U.S.C. § 1441(a). Original jurisdiction may be established through federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction is present "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. § 1331. Diversity jurisdiction is present where the amount in controversy exceeds $75,000 and the adverse parties are citizens of different states. *See* 28 U.S.C. §§ 1332, 1441.

A motion to remand is the procedural means to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). A motion to remand may raise either a facial or a factual challenge to the defendant's jurisdictional allegations made in support of removal. *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014). "A facial attack accepts the truth of the [jurisdictional] allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020) (quoting *Salter v. Quality Carriers*, 974 F.3d 959, 964 (9th Cir. 2020) (internal quotation marks omitted). In contrast, a factual attack "contests the truth of the [jurisdictional] factual allegations, usually by introducing evidence outside the pleadings." *Id.* (quoting *Salter*, 974 F.3d at 964 (internal quotation marks omitted)).

In response to a facial attack, the defendant is not required to present evidence in support of removal

| | | | | | |
|---|---|---|---|---|---|
| Case 2:25-cv-03939-JAK-SSC | Document 29 | Filed 11/12/25 | Page 3 of 7 | Page ID #:622 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-03939-JAK | | Date | 11/12/2025 |
|---|---|---|---|---|
| Title | Lucio Carrola v. FCA US, LLC, et al. | | | |

jurisdiction. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019). Thus, when the moving party does not contest the factual allegations made in the removal notice, but instead asserts that those allegations are facially insufficient to show federal jurisdiction, the factual allegations are deemed true and all reasonable inferences are drawn in favor of the removing party. *DeFiore v. SOC LLC*, 85 F.4th 546, 552 (9th Cir. 2023).

Only upon a factual attack must a defendant support its allegations with competent and admissible evidence that establishes them under the preponderance of the evidence standard. *Leite*, 749 F.3d at 1122; *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014)) (when removal is challenged, "both sides submit proof and the court decides, by a preponderance of the evidence," whether the elements of removal have been satisfied).

Because federal courts are courts of limited jurisdiction, the removal statute is to be strictly construed; any doubt about removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

    B.    Application

Plaintiff moves to remand on the grounds that Defendant has not met its burden to show the basis for diversity jurisdiction. Dkt. 19-2 at 6. Plaintiff does not dispute diversity of citizenship between the parties, but contends that Defendant has not shown that the amount in controversy exceeds $75,000. *Id.* at 10–23.

    1.    <u>Amount in Controversy</u>

When an action is removed based on diversity jurisdiction, the removing party also bears the burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). "[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). Thus, "[t]he amount in controversy may include 'damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.'" *Id.* at 416 (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016)).

As noted, the amount in controversy is assessed at the time of removal. *Id.* at 417. Thus, it "is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Id.* at 415. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

"If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" *Dart Cherokee Basin Operating*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-03939-JAK | Date | 11/12/2025 |
| Title | Lucio Carrola v. FCA US, LLC, et al. | | |

*Co., LLC*, 574 U.S. at 84 (quoting 28 U.S.C. § 1446(c)(2)). "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Id.* (citing 28 U.S.C. § 1446(c)(2)(A)).

A defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89 (citing 28 U.S.C. § 1446(a)). If the plaintiff contests the defendant's allegation, then the defendant must prove by a preponderance of the evidence that the amount-in-controversy exceeds $75,000. *Id.* (citing 28 U.S.C. § 1446(c)(2)(B)). The parties "may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Additionally, the defendant may rely on "reasonable assumptions underlying the defendant's theory of damages exposure." *Id.* at 1198.

    (a)  Actual Damages

The Complaint seeks damages under the Song-Beverly Act. Dkt. 1-1, Ex. A at 13–14. Under that statute, actual damages include "restitution in an amount equal to the actual price paid or payable by the buyer," reduced by "[t]he amount directly attributable to use by the buyer" prior to delivery of the vehicle back to the dealer for correction of the problem that gave rise to the nonconformity with the warranty. Cal. Civ. Code § 1793.2(d)(2)(B)–(C); *see also id.* § 1793.2(d)(1) ("the manufacturer shall either replace the goods or reimburse the buyer in an amount equal to the purchase price paid by the buyer, less the amount directly attributable to use by the buyer prior to the discovery of the nonconformity").

The actual price paid or payable by the buyer includes "any charges for transportation and manufacturer-installed options, but excluding nonmanufacturer items installed by a dealer or the buyer, and including any collateral charges such as sales or use tax, license fees, registration fees, and other official fees." Cal. Civ. Code § 1793.2(d)(2)(B). The actual price paid or payable by the buyer also includes any finance charges that have been paid. *See Mitchell v. Blue Bird Body Co.*, 80 Cal. App. 4th 32, 37 (2000). When a plaintiff leases, rather than purchases a vehicle, district courts in this Circuit have considered "the amount a plaintiff has actually paid on her lease, rather than the total value of the lease, to determine whether the amount in controversy has been met." *Cuevas v. Ford Motor Co.*, No. CV 22-1520-DMG (MAAx), 2022 WL 1487178, at *2 (C.D. Cal. May 11, 2022) (citing *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002)).

The set-off amount attributable to the value of the use of the vehicle to the plaintiff prior to its delivery to the dealer for correction of problems, is determined by multiplying the "actual price of the new motor vehicle paid or payable by the buyer . . . by a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle" for correction of the problem. Cal. Civ. Code § 1793.2(d)(2)(C).[1] The equation is:

---

[1] In general, the amount in controversy calculation does not take into account affirmative defenses, counterclaims and potential offsets. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (the complaint's disclosure of "the existence of a valid defense to the claim" cannot be grounds for showing failure to meet the amount-in-controversy threshold). However, with respect to the amount attributable to the buyer's use of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-03939-JAK | Date | 11/12/2025 |
| Title | Lucio Carrola v. FCA US, LLC, et al. | | |

(X/120,000) multiplied by the price paid or payable for the vehicle, where X is the number of miles driven prior to the time the vehicle was first delivered for repair. *See id.* For a leased vehicle, the calculation is similar: "[T]he set-off is calculated by taking as the purchase price of the Automobile—the agreed upon value . . . specified in the lease—multiplied by a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled by the Automobile prior to the time [plaintiff] first delivered the vehicle for repair." *Brady*, 243 F.Supp. 2d at 1009.

The Complaint does not include allegations as to the total amount of actual damages. The Notice of Removal alleges that the lease price of the Vehicle was $34,726.45. Dkt. 1 ¶ 29. Defendant attached to the Notice of Removal a copy of the California Motor Vehicle Lease Agreement ("Lease Agreement") entered into by Plaintiff and Defendant. Dkt. 1-3. The Lease Agreement shows that the total amount to be paid by the end of the lease is $34,726.45, with $2500 to be paid when the lease was signed or the Vehicle delivered. *Id.* at 2. The Lease Agreement also states that the agreed-upon value of the Vehicle is $54,762. *Id.* at 4. The Lease Agreement states that Plaintiff's first monthly payment on the Vehicle would be $909.47 due on August 31, 2021, with 35 payments of the same amount to be each month thereafter on the 30th of each month. *Id.* The Lease Agreement also states that when the lease commenced, the odometer reading of the Vehicle was 20 miles. *Id.* Based on the commencement date of the Lease Agreement, the date by which Plaintiff was to have made all payments on the Vehicle was on or about August 30, 2024. *See id.* Thus, at the time of removal, Plaintiff would have paid the entire $34,726.45 in payments due under the Lease Agreement.

As noted above, the restitution awardable under § 1793.2(d)(2)(B) is reduced by the amount directly attributable to use by the consumer, which is measured by miles driven, prior to the first repair (or attempted repair) pro-rated by using a base of 120,000 miles. Cal. Civ. Code § 1793.2(d)(2)(B). The Complaint does not allege, and its exhibits do not state, the amount of the appropriate mileage offset. Nor does the Complaint allege whether and when any repairs or attempts to repair the Vehicle were made by the Defendant. Similarly, Defendant did not make any allegations or claims as to the mileage offset calculation in the Notice of Removal. In the Opposition, it contends that it "is not required to calculate the precise statutory mileage offset at this stage." Dkt. 21 at 14. However, as noted, the "use offset" is properly included in determining the jurisdictional amount. *Schneider*, 756 F. App'x at 701. Further, in connection with the Notice of Removal, Defendant provided copies of its repair records for the Vehicle. *See* Dkt. 1-2, Ex. C at 67–74. A review of them shows that, on or around August 30, 2022, the Vehicle was serviced in response to a concern about the engine that Plaintiff had stated, and that the odometer reading at that time was 9119 miles. *Id.* at 71. Applying this date and mileage results in the calculation of an offset of $4152.33.[2] Applying this offset to the amount paid or payable on the lease shows that $34,726.45 less $4152.33 is $30,574.12.

Based on Defendant's submissions, to which Plaintiff has neither objected nor otherwise responded, for jurisdictional purposes, it has been shown by a preponderance of the evidence that, through the Complaint, Plaintiff seeks $30,574.12 in actual damages.

---

vehicle under Cal. Civ. Code § 1793.2(d)(2)(C), the Ninth Circuit has held that this "use offset" is properly included in determining the jurisdictional amount. *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 (9th Cir. 2018).
[2] 9119 miles – 20 miles at purchase = 9099 miles. (9099 miles/120,000) x $54,762 (full cash value of Vehicle) = $4152.33

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-03939-JAK | Date | 11/12/2025 |
|---|---|---|---|
| Title | Lucio Carrola v. FCA US, LLC, et al. | | |

       (b)      Civil Penalties

Under the Song-Beverly Act, a plaintiff may be entitled to a civil penalty no greater than twice the amount of actual damages if a defendant's violations were willful. Cal. Civ. Code § 1794(c). The Complaint seeks the full amount of this civil penalty; it alleges that Defendant intentionally refused to comply with the Song-Beverly Act. Dkt. 1-1, Ex. A ¶¶ 23, 42. Where a complaint alleges willful violations of the Song-Beverly Act and requests the imposition of the full penalty, courts have included the maximum civil penalty in calculating the amount in controversy. *Amavizca*, 2023 WL 3020489, at *6 (collecting cases); *see id.* at *8 ("[Defendant] need not prove that Plaintiff[] [is] more likely than not to obtain the maximum civil penalty award; [Defendant] need only prove, by a preponderance of the evidence, that Plaintiff[] ha[s] placed this amount in controversy.").

The Complaint alleges that Defendant intentionally violated the Song-Beverly Act. Dkt 1-1, Ex. A ¶¶ 19, 21–23, 42. The Complaint also alleges that, prior to purchasing the Vehicle, Defendant knew that the 2021 Ram 1500 vehicles with 5.7L engines had one or more defects that resulted in a loss of power, stalling, engine running through, engine misfires, engine failure, or in some instances, the need to replace the engine. *Id.* ¶ 19. It is alleged that these kinds of defects can suddenly affect a driver's ability to control the vehicle, cause a non-collision vehicle fire, or cause the vehicle to fail without warning. *Id.* ¶ 20. It is alleged that Defendant knew of such defects through pre-production and post-production testing data, early consumer complaints made to Defendant and its network of dealers, aggregate warranty data from Defendant's dealers, testing conducted in response to consumer complaints, and warranty repair and parts replacement data received by Defendant. *Id.* ¶ 22.

It is also alleged that, although Defendant was "fully aware" of the defect, Defendant actively concealed the nature of the defect from Plaintiff at the time the Lease Agreement was entered, and when subsequent repairs were made. *Id.* ¶ 28. It is alleged that Defendant has still not corrected the underlying problems that caused the engine defect and has failed promptly to replace the Vehicle or make restitution. *Id.* ¶¶ 30, 32. It is also alleged that Defendant's failure to comply with its obligations under Cal. Civ. Code § 1793.2(d) was willful. *Id.* ¶ 42. The basis for this assertion is that Defendant and its representative were aware that they were unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of attempts. *Id.* Nevertheless, it is alleged that Defendant refused to replace the Vehicle or make restitution. *Id*. Thus, the Complaint alleges that the imposition of a civil penalty is in controversy. With alleged actual damages of $30,574.12, the maximum civil penalty in controversy would be twice this amount, *i.e.,* $61,148.24.

Based on the foregoing, Defendant has shown by a preponderance of the evidence the alleged actual damages and civil penalties in controversy total approximately $91,722.36. This is the sum of alleged actual damages ($30,574.12) and civil penalties ($61,148.24). Plaintiff also seeks an award of attorney's fees and punitive damages, which may increase this amount. However, because it has already been shown that the amount in controversy exceeds $75,000, it is unnecessary to analyze these issues.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-03939-JAK | Date | 11/12/2025 |
|---|---|---|---|
| Title | Lucio Carrola v. FCA US, LLC, et al. | | |

### IV.  Conclusion

Because Defendant has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000 and that there is diversity of citizenship between the parties, there is subject matter jurisdiction over this action. Therefore, the Motion is **DENIED**.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | LC2 | |